FILED - GR
September 18, 2009 2:04 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ___ald_/_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

vs.

PATTON ARCHERY MANUFACTURING, INC..

    Defendant.

_____/

Case No. 2:09-cv-205

Honorable Robert Holmes Bell
U.S. District Judge

COMPLAINT
AND JURY DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Brenda Maynard, Julie Roberts, and Leslie Querio who were adversely affected by such practices, as alleged with greater particularity in paragraph 7. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, Patton Archery Manufacturing, Inc., discriminated against Maynard, Roberts, and Querio on the basis of sex by subjecting them to a sexually hostile work environment.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3).

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court, Western District of Michigan, Northern Division.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant Employer ("the Employer") has continually been a Michigan corporation doing business in the State of Michigan and the city of Vulcan, and has continuously had at least fifteen (15) employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.    More than thirty (30) days prior to the institution of this lawsuit, Maynard, Roberts, and Querio each filed separate charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since at least March 1996 and continuing to the present, Defendant Employer has engaged in unlawful employment practices at its Vulcan, Michigan facility in violation of Section 703(a)(1), 42 U.S.C. § 2000e-2(a)(1), by discriminating against Maynard, Roberts, and Querio on the basis of sex by subjecting them to a sexually hostile work environment.

8.    The effect of the conduct complained of in paragraph 7, above, has been to deprive Maynard, Roberts, and Querio of equal employment opportunities and otherwise

adversely affect their status as employees.

9. The unlawful employment practices complained of in paragraph 7, above, were and are intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were done with malice or with reckless indifference to the federally protected rights of Maynard, Roberts, and Querio.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination and/or perpetuating a sexually hostile work environment, and any other unlawful employment practice which discriminates on the basis of sex.

B. ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all of its employees and which eradicate the effects of its past and present unlawful employment practices.

C. ORDER Defendant Employer to make whole Maynard, Roberts, and Querio by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, above, in amounts to be determined at trial.

D. ORDER Defendant to make whole Maynard, Roberts, and Querio by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, in amounts to be determined at trial.

E. ORDER Defendant Employer to pay punitive damages for its malicious or

reckless conduct described in paragraph 7, above, in amounts to be proven at trial.

F.  GRANT such further relief as the Court deems necessary and proper in the public interest.

G.  AWARD the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Respectfully submitted,

*/s/ Laurie A. Young*
LAURIE A. YOUNG
Regional Attorney

*/s/ Deborah M. Barno*
DEBORAH M. BARNO
Supervisory Trial Attorney

*/s/ Nedra D. Campbell*
NEDRA D. CAMPBELL (P58768)
Trial Attorney

DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
nedra.campbell@eeoc.gov
Tel. No. (313) 226-3410

Dated: September 18, 2009